## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROL GRUBB, on behalf of herself and all others similarly situated, | Civil Case No.: <u>3:13-cv-07421 (FLW)(TJB)</u> |
| Plaintiffs, | **CIVIL ACTION** |
| -against- | **FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| GREEN TREE SERVICING LLC d/b/a GREEN TREE, and JOHN DOES 1-25, | |
| Defendants. | |

Plaintiff, Carol Grubb, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, GREEN TREE SERVICING LLC d/b/a, GREEN TREE and JOHN DOES 1-25, collectively ("Defendants") their employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## **DEFINITIONS**

4.      As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## **PARTIES**

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the State of New Jersey, County of Monmouth, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      GREEN TREE SERVICING LLC d/b/a GREEN TREE ("Green Tree") is a foreign limited liability company with its principal place of business located at 345 St. Peter Street, St. Paul, Minnesota, 55102.

8.      Upon information and belief, Defendant GREEN TREE  is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      Defendant GREEN TREE is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10.      John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Amended Complaint.

12.     This Action is properly maintained as a statewide class action. The Class consists of:

> All New Jersey consumers who were sent initial letters and/or notices from GREEN TREE concerning a debt owed to Fannie Mae and/or Bank of America, which was past due as of the date of the letter and/or notice, and stated an amount owed as of a date earlier than the date of the letter and/or notice, which contained the notice:
>
> BECAUSE OF INTEREST, LATE CHARGES, AND OTHER CHARGES THAT MAY VARY FROM DAY TO DAY, THE AMOUNT DUE ON THE DAY YOU PAY MAY BE GREATER.
>
> and/or
>
> was sent an additional letter and/or notice within thirty days of the initial letter and/or notice, which stated different amount due than the amount owed in the initial letter and/or notice.
>
> - The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of

persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether Defendant violated various provisions of the FDCPA;

  b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## <u>STATEMENT OF FACTS</u>

14.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15.     Sometime prior to May 1, 2013, Plaintiff allegedly incurred a financial obligation to Bank of America N.A. ("BOA").

16.    In the alternative, sometime prior to May 1, 2013 Plaintiff allegedly incurred a financial obligation to Federal National Mortgage Association ("Fannie Mae").

17.    The BOA obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18.    The Fannie Mae obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19.    At some time prior to May 1, 2013, Plaintiff became past due on the BOA obligation.

20.    At some time prior to May 1 2013, Plaintiff became past due on the Fannie Mae obligation.

21.    At some time prior to May 1, 2013, the BOA obligation was transferred to GREEN TREE for the purpose of collections.

22.    At some time prior to May 1, 2013, the Fannie Mae obligation was transferred to GREEN TREE for the purpose of collections.

23.    At the time the BOA obligation was transferred to GREEN TREE, such obligation was past due.

24.    At the time the BOA obligation was transferred to GREEN TREE, Plaintiff had not made a payment towards the obligation in more than 12 months.

25.    At the time the BOA obligation was transferred to GREEN TREE, Plaintiff was past due in amount not less than $75,000.

26.     At the time the Fannie Mae obligation was transferred to GREEN TREE, such obligation was past due.

27.     At the time the Fannie Mae obligation was transferred to GREEN TREE, Plaintiff had not made a payment towards the obligation in more than 12 months.

28.     At the time the Fannie obligation was transferred to GREEN TREE, Plaintiff was past due in amount not less than $75,000.

29.     On or before May 1, 2013 GREEN TREE caused to be delivered to Plaintiff a letter (the "May 1, 2013 letter") in an attempt to collect the alleged BOA debt. A copy of said letter is annexed hereto as **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

30.     On or before May 1, 2013 GREEN TREE caused to be delivered to Plaintiff a letter in an attempt to collect the alleged Fannie Mae debt. A copy of said letter is annexed hereto as **Exhibit A**

31.     On or before May 3, 2013 (the "May 3, 2013 letter) GREEN TREE caused to be delivered to Plaintiff a letter in an attempt to collect the alleged BOA debt. A copy of said letter is annexed hereto as **Exhibit B** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

32.     On or before May 3, 2013 GREEN TREE caused to be delivered to Plaintiff a letter in an attempt to collect the alleged Fannie Mae debt. A copy of said letter is annexed hereto as **Exhibit B**

33.    The May 1, 2013 letter stated "Creditor: Federal National Mortgage Association (Fannie Mae)."

34.    The May 1, 2013 letter stated "The servicing of your account was transferred from Bank of America, N.A. to Green Tree on May 1, 2013."

35.    The May 1, 2013 letter stated:

> AS OF APRIL 30, 2013, YOU OWE $307,606.12. BECAUSE OF INTEREST, LATE CHARGES, AND OTHER CHARGES THAT MAY VARY FROM DAY TO DAY, THE AMOUNT DUE ON THE DAY YOU PAY MAY BE GREATER. HENCE, IF YOU PAY THE AMOUNT SHOWN ABOVE. AN ADJUSTMENT MAY BE NECESSARY AFTER WE RECEIVE YOUR CHECK, IN WHICH EVENT WE WILL INFORM YOU BEFORE DEPOSITING THE CHECK FOR COLLECTION. FOR FURTHER INFORMATION CONTACT CUSTOMER SERVICE AT THE ADDRESS OR TOLL FREE NUMBER LISTED ABOVE.

36.    The May 3, 2013 letter stated in part "Total Due" of $2,124.03.

37.    The May 3, 2013 letter also stated the following:

Principal Balance: $210,905.11

Escrow Balance: $33, 924.52-.

38.    GREEN TREE collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

39.    GREEN TREE is a "debt collector" as defined by 15 U.S.C. §1692a(6).

40.    Fannie Mae is a "creditor" as defined by 15 U.S.C. §1692a(4).

41.    BOA is a "creditor" as defined by 15 U.S.C. §1692a(4).

42.    The May 1, 2013 letter was sent or caused to be sent by persons employed by GREEN TREE  as a "debt collector" as defined by 15 U.S.C. §1692a(6).

- 8 -

43.     The May 3, 2013 letter was sent or caused to be sent by persons employed by GREEN TREE  as a "debt collector" as defined by 15 U.S.C. §1692a(6).

44.     The May 1, 2013 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

45.     The May 3, 2013 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

46.     Upon receipt of the GREEN TREE letter dated May 1, 2013, Plaintiff read said letter.

47.     Upon receipt of the GREEN TREE letter dated May 3, 2013, Plaintiff read said letter.

48.     GREEN TREE contends that the alleged Fannie Mae obligation is in default.

49.     GREEN TREE contends that the alleged BOA obligation is in default.

50.     The May 1, 2013 letter falsely represented the amount of the debt.

51.     The May 1, 2013 letter use false representations or deceptive means to collect or attempt to the collect the alleged debt.

52.     The May 1, 2013 letter failed to accurately state the amount of Plaintiff's alleged debt.

53.     The May 3, 2013 letter was sent within thirty (30) days of the May 1, 2013 letter

54.     The May 3, 2013 letter contains language that overshadows or contradicts language of the May 1, 2013 letter.

55.     On January 11, 2014 GREEN TREE caused to be mailed to Plaintiff c/o the undersigned attorney, a MONTHLY BILLING STATEMENT. A copy of said letter is annexed hereto as **<u>Exhibit C</u>**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

56.     The January 11, 2014 MONTHLY BILLING STATEMENT stated in part: "Next Payment Due   02/01/2014".

57.     The January 11, 2014 MONTHLY BILLING STATEMENT further stated: Amount Due   $129,847.31".

58.     The January 11, 2014 MONTHLY BILLING STATEMENT contained a payment coupon at the bottom, which stated; "TOTAL PAYMENT DUE  $129,847.31".

59.     The January 11, 2014 MONTHLY BILLING STATEMENT contained   the following statements in bold font:

**YOUR TOTAL PRINCIPAL PAID IN 2013 WAS $0.00**
**YOUR TOTAL INTEREST PAID IN 2013 WAS $0.00**

**POLICIES AND PRACTICES COMPLAINED OF**

60.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a )     Using false, deceptive or misleading representations as to the amount of the debt;

(b)     Using false representations or deceptive means to collect or attempt to the debt;

(c)     Failing to properly state the amount of the debt;

61.     On information and belief, Defendants sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New Jersey.

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692**
**VIOLATION OF 15 U.S.C. §1692e *et seq.***

62.     Plaintiff repeats the allegations contained in paragraphs 1 through 51 as if the same were set forth at length.

- 10 -

63.    Collection letters and/or notices such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

64.    Section 1692e(2)(A) of the FDCPA makes it a violation for a debt collector to falsely represent: "...the...amount....of any debt."

65.    GREEN TREE falsely represented the amount of the debt by failing to accurately state the amount of the debt. **Exhibit A**.

66.    GREEN TREE failed to accurately state the amount of the debt in their May 1, 2013 letter as it stated that "As of April 30, 2013, you owe $307,606.12" but the May 3, 2013 letter stated  "Total Due" is $2,124.03 but also there remained:

Principal Balance:      $210,905.11

Escrow Balance:        $33, 924.52-.

67.    GREEN TREE caused the least sophisticated consumer confusion as to whether the amount of the debt was:

*      $307,606.12;

*       $210,905.11 or;

*       $2,124.03.

68.    GREEN TREE further failed to accurately state the amount of the debt as the May 1, 2013 letter stated: "AS OF APRIL 30, 2013, YOU OWE $307,606.12. BECAUSE OF INTEREST, LATE CHARGES, AND OTHER CHARGES THAT MAY VARY FROM DAY TO DAY, THE AMOUNT DUE ON THE DAY YOU PAY MAY BE GREATER."

69.    The May 1, 2013 letter falsely suggests that by paying a lesser amount than the $307,606.12, the Plaintiff would have completely satisfied the debt.

70.     The May 1, 2013 letter provided Plaintiff uncertainty about whether she owed more than what was due as of April 30, 2013, or whether her payment of $307,606.12, would have satisfied the debt.

71.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

72.     GREEN TREE violated Section 1692e(10) by falsely stating the amount of the alleged debt by failing to accurately state the amount of the debt.

### COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATION OF 15 U.S.C. §1692g *et seq.*

73.     Plaintiff repeats the allegations contained in paragraphs 1 through 69 as if the same were set forth at length.

74.     Section 1692g(a) of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its initial communication with the consumer and send the consumer a written notice containing

(1)     the amount of the debt.

\*\*\*

75.     GREEN TREE failed to state the amount of the debt pursuant to FDCPA Section 1692g(a)(1) since the May 1, 2013 letter stated that "As of April 30, 2013, you owe $307,606.12" but the May 3, 2013 letter stated   "Total Due" is $2,124.03 but also there remained:

Principal Balance:      $210,905.11

Escrow Balance:       $33, 924.52-.

76.     GREEN TREE further failed to state the amount of the debt pursuant to FDCPA Section 1692g(a)(1) as the May 1, 2013 letter stated: "AS OF APRIL 30, 2013, YOU OWE $307,606.12. BECAUSE OF INTEREST, LATE CHARGES, AND OTHER CHARGES THAT MAY VARY FROM DAY TO DAY, THE AMOUNT DUE ON THE DAY YOU PAY MAY BE GREATER."

77.     The May 1, 2013 letter was required to inform the Plaintiff of the amount of debt that was owed as of May 1, 2013. According to the May 1, 2013 letter, the amount of debt owed, when added interest, late charges or other charges, is greater than $307,606.12.

78.     GREEN TREE failed to state the amount of the debt as of the date of letter. Rather it provided an amount as of April 30, 2013.

79.     The May 1, 2013 letter reasonably implies that by merely paying $307,606.12, the consumer would have completely satisfied the debt.

80..    The initial communication from GREEN TREE to Plaintiff occurred on May 1, 2013**.** Accordingly, within five (5) days of this initial communication, GREEN TREE, was required to send a communication to Plaintiff accurately stating the amount of the debt. GREEN TREE failed to send a communication within five (5) days that accurately stated the debt.

**WHEREFORE,** Plaintiff demands judgment against the Defendants on each count as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorney, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Pre-judgment interest;

(f)     Post judgment interest ; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Fairfield, New Jersey
          January 27, 2014

*/s/ Joseph K. Jones*
Joseph K. Jones (JJ-5509)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

*/s/ Benjamin J. Wolf*
Benjamin J. Wolf (BW-3338)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
bwolf@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph K. Jones*
Joseph K. Jones (JJ-5509)

*/s/ Benjamin J. Wolf*
Benjamin J. Wolf (BW-3338)

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff do hereby certify to my own knowledge and based upon information available to me at my office, that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 27, 2014

<i>/s/ Joseph K. Jones</i>
Joseph K. Jones (JJ-5509)

# Exhibit

# A

Carol Grubb *et al.* v Green Tree Servicing, LLC *et al.*
Civil Case No.: 3:13-cv-07421 FLW-TJB



relationships that work

# green tree

PO Box 6172
Rapid City, SD 57709-6172

Tel 1-855-675-1030
GTServicing.com

+ 0427163 000007598 09GTR5 0056428 E

May 1, 2013

CAROL GRUBB

[redacted]

Re: Green Tree Servicing LLC ("Green Tree") Account No.: [redacted]
Creditor: Federal National Mortgage Association (Fannie Mae)

Dear Valued Customer:

The servicing of your account was transferred from Bank of America N.A. to Green Tree on May 1, 2013.
We are pleased to welcome you to Green Tree.

As your new servicer for the referenced account, Green Tree is required to inform you of the following
important notice regarding your rights under federal law:

AS OF APRIL 30, 2013, YOU OWE $307,606.12. BECAUSE OF INTEREST, LATE
CHARGES, AND OTHER CHARGES THAT MAY VARY FROM DAY TO DAY, THE
AMOUNT DUE ON THE DAY YOU PAY MAY BE GREATER. HENCE, IF YOU PAY THE
AMOUNT SHOWN ABOVE, AN ADJUSTMENT MAY BE NECESSARY AFTER WE
RECEIVE YOUR CHECK, IN WHICH EVENT WE WILL INFORM YOU BEFORE
DEPOSITING THE CHECK FOR COLLECTION. FOR FURTHER INFORMATION,
CONTACT CUSTOMER SERVICE AT THE ADDRESS OR TOLL-FREE NUMBER
LISTED ABOVE.

UNLESS YOU NOTIFY US WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS
NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION OF
THE DEBT, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU NOTIFY US IN
WRITING WITHIN THIRTY (30) DAYS OF RECEIVING THIS NOTICE, WE WILL
OBTAIN VERIFICATION OF THE DEBT (OR OBTAIN A COPY OF A JUDGMENT, IF
THE DEBT HAS BEEN REDUCED TO JUDGMENT) AND MAIL THE VERIFICATION TO
YOU. IN ADDITION, UPON YOUR WRITTEN REQUEST WITHIN THIRTY (30) DAYS
AFTER RECEIVING THIS NOTICE, WE WILL ALSO PROVIDE YOU WITH THE NAME
AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT
CREDITOR.

To ensure timely posting of your payments, please send all payments to your new servicer at the address indicated below:

**Green Tree Servicing LLC**
**PO Box 7169**
**Pasadena, CA 91109 - 7169**

We at Green Tree are honored to serve you.  If you need to contact us or have any questions, please call Customer Service toll-free at 1-855-675-1030, from 7:00 a.m. to 8:00 p.m. Central, Monday through Friday, or 7:00 a.m. to 1:00 p.m. Central on Saturdays, or write to us at PO Box 6172, Rapid City, South Dakota 57709-6172.

Respectfully,

Green Tree

**This communication is from a debt collector. It is an attempt to collect a debt and any information obtained will be used for that purpose.**

# Exhibit

# B

Carol Grubb *et al.* v Green Tree Servicing, LLC *et al.*
Civil Case No.: 3:13-cv-07421 FLW-TJB

# green tree

PO Box 6172
Rapid City, SD 57709-6172

Tel 1-855-675-1030
GTServicing.com

+ 0427502 0000110% 09GTR8 0055272 W
**CAROL GRUBB**
██████████████████

May 3, 2013

|₁₁₁||₁||||||₁||₁||₁||₁||₁||₁||₁||₁||₁||₁|

Bank of America N.A. ("Bank of America") Account Number: █████████
Green Tree Servicing LLC ("Green Tree") New Account Number: █████████

Dear Carol Grubb:

**Welcome to Green Tree.** The servicing of your mortgage loan – that is, the right to collect loan payments from you – is being transferred from Bank of America to Green Tree effective May 1, 2013. The servicing transfer does not affect any terms or condition of your current mortgage loan, other than the terms directly related to the servicing of your loan. You can mail your payments directly to Green Tree at the following address: **Green Tree Servicing LLC, PO Box 7169, Pasadena, CA 91109-7169.**

Green Tree will begin posting payments to your account on or about May 13, 2013. If your payment was received by Green Tree or Bank of America prior to the posting date, we will apply your payment as of the day that it was received and no late fee will be assessed to your account.*

You should be receiving your first statement from Green Tree by mail the week of May 20, 2013. If you have any questions about the transfer of your mortgage loan servicing to Green Tree, we encourage you to visit:

## www.gtservicing.com/welcome

There you can register to securely access your account online, make a payment, establish a recurring electronic mortgage loan payment and obtain answers to frequently asked questions.

We are pleased to have you as a new customer. The following pages include more detailed information about our services, including details about payoff requests, and insurance loss payee information. Please keep this documentation for future reference. Should you ever need additional account information, please visit our website at GTServicing.com, or contact customer service toll-free at 1-855-675-1030, or write to Green Tree Customer Service, PO Box 6172, Rapid City, SD 57709-6172.

At Green Tree, we build relationships that work and we look forward to providing you with quality service for years to come.

Respectfully,

Green Tree

This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.

* Please note: If you had an automatic payment(s) set up through Bank of America, your transaction was cancelled as part of the transfer of servicing to Green Tree. You can easily make an electronic payment or reestablish a recurring automatic loan payment on our website: GTServicing.com.

relationships that work
# green tree

INITIAL PAYMENT COUPON
-Please make checks payable to Green Tree-
ACCOUNT NUMBER ██████████

This payment coupon is furnished to the borrower and co-borrower as a convenience. Only one coupon should be used.

| | |
|---|---|
| TOTAL DUE | $2,124.03 |
| TOTAL ENCLOSED $ | ☐☐,☐☐☐.☐☐ |

Enter total amount of payment enclosed.

Carol Grubb
█████████████████

GREEN TREE SERVICING LLC
PO BOX 7169
PASADENA, CA 91109-7169

|₁||₁||₁|||₁||₁||₁||||₁||₁|||₁||₁||₁|

NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS

You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from Bank of America N.A. ("Bank of America") to Green Tree Servicing LLC ("Green Tree") effective May 1, 2013.

The assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than the terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date or at closing.

Your present servicer is Bank of America. If you have any questions relating to the transfer of servicing from your present servicer, call Customer Service toll-free at 1-800-689-6607 between 7:00 a.m. and 7:00 p.m., Monday through Friday, all US time zones.

Your loan file will be transferred from Bank of America with the following information relating to your payments and escrow account:

Monthly Payment Information:

| | |
|---|---|
| Principal Payment Amount: | $204.09 |
| Interest Payment Amount: | $1,208.31 |
| Escrow Payment Amount: | $711.63 |
| Monthly Payment Amount[1]: | $2,124.03 |
| Payment Due: | 02/01/2009 |

Current Loan Information:

| | |
|---|---|
| Current Interest Rate: | 6.87500% |
| Principal Balance: | $210,905.11 |
| Escrow Balance: | $33,924.52 |

Interest Calculation method is Scheduled Interest Calculation. [1]Please refer to your billing statement for any future possible changes to this payment amount.

If you have any questions relating to the transfer of servicing to your new servicer, call Customer Service toll free at 1-855-675-1030 between 7:00 a.m. and 8:00 p.m. CST, Monday through Friday or between 7:00 a.m. and 1:00 p.m. CST, on Saturday.

The date that your present servicer will stop accepting payments from you is April 30, 2013. The date that your new servicer will start accepting payments from you is May 1, 2013. **SEND ALL PAYMENTS DUE ON OR AFTER MAY 1, 2013 TO YOUR NEW SERVICER:**

**Green Tree Servicing LLC**
**PO Box 7169**
**Pasadena, CA 91109 - 7169**



The transfer of servicing will affect the terms of or the continued availability of any optional insurance (i.e., mortgage life, disability insurance etc.) or optional products that you may have on the loan. You will need to contact the company providing the insurance or other product directly for continued coverage or enrollment.

---

### NOTICE ABOUT YOUR RIGHTS

You should be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. §2605):

During the 60 day period following the effective date of the transfer of the loan servicing, a loan payment received by your present servicer before its due date may not be treated by your new servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. §2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgement within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. If you want to send a "qualified written request" regarding the servicing of your loan to your new servicer, it must be sent to this address: Green Tree, PO Box 6176, Rapid City, SD 57709-6176.

Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60 Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

As your future servicer, we at Green Tree look forward to serving you.

**Defaulted Account Notice:  If your account was in default at the time servicing rights were transferred to Green Tree, please note that this is an attempt to collect a debt and any information obtained may be used for that purpose.**

**This communication is from a debt collector.  It is an attempt to collect a debt, and any information obtained will be used for that purpose.**

# Exhibit

# C

Carol Grubb *et al.* v Green Tree Servicing, LLC *et al.*
Civil Case No.: 3:13-cv-07421 FLW-TJB

relationships that work
# green tree®

PO Box 6172
Rapid City, SD 57709-6172

#BWNKDVR
#GMIMFJELO#

+ 046275 000001339 09GT11-055601-P4P6
CAROL GRUBB
C/O JOSEPH K JONES
375 PASSAIC AVE STE 100
FAIRFIELD NJ 07004-2000

## MONTHLY BILLING STATEMENT
### Statement Date: 01/11/2014

| Account Number | |
| --- | --- |
| Next Payment Due | 02/01/2014 |
| Amount Due | $129,847.31 |

*If payment is received after 02/01/2014, pay $129,847.31*

Phone: 1-800-643-0202
Mon - Fri 7AM - 8PM CST
Saturday 7AM - 1PM CST
Email: customer.service@gtservicing.com

Property Address:
8 CHURCH ST
MIDDLETOWN, NJ 07748

### Account Information

| | |
| --- | --- |
| Principal Balance (Not a Payoff Amount): | $210,905.11 |
| Escrow Balance**: | $38,124.00 |
| Corporate Advance Balance**: | $35.00 |
| Interest Rate: | 6.875000% |
| Interest Type: | Actuarial |
| Prepayment Penalty: | N |

*Escrow represents monies collected and held by servicer for the future payment of taxes and insurance.

**Corporate Advances represents monies advanced by servicer to pay taxes, insurance, and any other amount currently due that are not part of an escrow account.

### Explanation of Amount Due

| | |
| --- | --- |
| Principal: | $287.53 |
| Interest: | $1,124.87 |
| Escrow: | $43,669.91 |
| **Regular Monthly Payment:** | **$1,412.40** |
| Total Fees & Charges Due: | $0.00 |
| Optional Insurance/Other Products: | $0.00 |
| Past Due Amount: | $84,744.00 |
| †Total Amount Due: | $129,847.31 |

### Past Year Interest/Escrow Paid

| | Last Month | Year To Date |
| --- | --- | --- |
| Principal: | $0.00 | $0.00 |
| Interest: | $0.00 | $0.00 |
| Escrow: | $0.00 | $0.00 |
| Fees and Charges: | $0.00 | $0.00 |
| Optional Insurance/Other Products: | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |
| Unapplied Amount | $0.00 | $0.00 |

### Transaction Activity

| Date | Description | Charges | Payments |
| --- | --- | --- | --- |

†This amount may not be sufficient to reinstate your account. Contact Green Tree for the exact amount required for reinstatement.

Your account is now severely delinquent and your immediate action is required. Contact your account representative, LATOSHA C. at 1-800-643-0202, extension 62534, to make immediate payment arrangements.

**This communication is from a debt collector. It is an attempt to collect a debt and any information obtained will be used for that purpose.**

YOUR TOTAL PRINCIPAL PAID IN 2013 WAS $ 0.00.
YOUR TOTAL INTEREST PAID IN 2013 WAS $ 0.00.

*Q2442*

---

Detach and return this portion with remittance

-**Please make checks payable to Green Tree-**

**ACCOUNT NUMBER**

Receipt of a personal check is authorization to collect payment electronically.

| | |
| --- | --- |
| PAYMENT DUE DATE | 02/01/2014 |
| TOTAL PAYMENT DUE | $129,847.31 |
| TOTAL ENCLOSED | $               . |

Enter total amount of payment enclosed

| Extra Amt to Escrow |
| --- |

relationships that work
# green tree®

GREEN TREE
PO BOX 94710
PALATINE, IL 60094-4710

Carol Grubb
C/O Joseph K Jones
375 Passaic Ave Ste 100
Fairfield NJ 07004-2000

6877331 4   7   0014 1240               001298473 1

V00 SO0359-00A