**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROL GRUBB, on behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREEN TREE SERVICING, LLC, a Delaware Limited liability company,<br><br>Defendant. | Civil Action No. 13-07421(FLW)<br><br>OPINION |

**WOLFSON**, **United States District Judge:**

This matter arises out of Plaintiff Carol Grubb's ("Plaintiff") allegation that Defendant Green Tree Servicing, LLC ("Defendant" or "Green Tree") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, by sending false or misleading debt collection letters. In the present matter, Defendant moves to dismiss Plaintiff's FDCPA claims pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Defendant's motion is denied.

## BACKGROUND

For purposes of this motion, the facts alleged by Plaintiff in her Amended Complaint are taken as true. Plaintiff is a resident of Monmouth County, New Jersey, and Green Tree is a debt collection agency with its principal place of business located in St. Paul, Minnesota. Am. Compl. ¶¶ 6-8. The parties do not dispute that Plaintiff is a "consumer," and that Defendant is a "debt collector" under the statutory definitions of the FDCPA. *Id.* at ¶¶ 14, 38-39; *see also* 15 U.S.C. §§ 1692a(3) & (6).

The claims in this case arise from two letters sent by Green Tree to Plaintiff, dated May 1, 2013 ("May 1 Letter") and May 3, 2013 ("May 3 Letter") respectively, regarding a mortgage loan obligation ("the Mortgage") incurred by Plaintiff "to either Federal National Mortgage Association ("Fannie Mae") or Bank of America, N.A. ("BOA")." Pl. Mem. at p. 1; Am. Compl. ¶¶ 15-16. At some point prior to May 1, 2013, Plaintiff defaulted on her Mortgage, and that debt was transferred to Green Tree for the purpose of collection. Am. Compl. ¶¶ 19-22. Indeed, Plaintiff's Amended Complaint acknowledges that she did incur the financial obligation at issue, that as of May 1, 2013, she had not made a payment towards the obligation in more than 12 months, and that she was past due in an amount exceeding $75,000. *Id.* at ¶¶ 23-28. At issue in this case is the content of the letters Green Tree sent to Plaintiff.

The May 1 Letter, which Plaintiff alleges is the initial communication, contains three relevant parts. The first states: "The servicing of your account was transferred from Bank of America N.A. to Green Tree on May 1, 2013. We are pleased to welcome you to Green Tree." May 1 Letter, Ex. A to Am. Compl. at p. 1. The May 1 letter also contains, *inter alia*, a standard notice of the debtor's rights under the FDCPA, which includes the amount of debt owed by Plaintiff. The notice provides:

> As of April 30, 2013, you owe $307,606.12. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater, hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, contact customer service at the address or toll free number listed above.
>
> Unless you notify us within thirty (30) days after receiving this notice that you dispute the validity of this debt, or any portion of the debt, we will assume that the debt is valid. If you notify us in writing within thirty (30) days of receiving this notice, we will obtain verification of the debt (or obtain a copy of a judgment, if the debt has been reduced to judgment) and mail the verification to you. In addition, upon your written request within thirty (30) days after receiving this notice, we will

>also provide you with the name and address of the original creditor, if different from the current creditor.

*Id.* Furthermore, the May 1 Letter also concludes with the following notice: "This communication is from a debt collector.  It is an attempt to collect a debt and any information obtained will be used for that purpose."  *Id.* at p. 2.

Two days later, Plaintiff received a subsequent communication from Green Tree.  The May 3 Letter starts with the following language:

>Welcome to Green Tree.  The servicing of your mortgage loan – that is the right to collect loan payments from you – is being transferred from Bank of America to Green Tree effective May 1, 2013.

May 3 Letter, Ex. B to Am. Compl. at p. 1.  That Letter also includes a detachable payment stub with the heading "INITIAL PAYMENT COUPON," which states: "TOTAL DUE:   $2,124.03."  *Id.*  Furthermore, the second page of the May 3 Letter includes the following information regarding the calculation of the monthly payment amount and the total balance of the loan transferred from Bank of America:

>**Monthly Payment Information**:
>
>Principal Payment Amount: $204.09
>Interest Payment Amount: $1,208.
><u>Escrow Payment Amount: $711.63</u>
>Monthly Payment Amount: $2,124.03
>
>**Current Loan Information**:
>
>Current Interest Rate: 6.87600%
>Principal Balance: $210,905.11
>Escrow Balance: $33,924.52

*Id.* at p. 2.

As a result of these communications, Plaintiff alleges in a two-count Complaint that the May 1 Letter, the initial communication, failed to provide adequate written notice of the amount

3

of debt in violation of the FDCPA. In Count I, Plaintiff alleges violations of 15 U.S.C. § 1692e, which prohibits debt collectors from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt"; and in Count II, Plaintiff avers violations of 15 U.S.C. § 1692g, which requires debt collectors to provide consumers, *inter alia*, with written notice of the amount of debt owed either in the initial communication or within five days after the initial communication with a consumer in connection with the collection of any debt. In that regard, Plaintiff raises three theories as to Green Tree's liability under both counts: (1) the May 1 Letter's failure to state the amount of debt as of the date of the letter; (2) the May 1 Letter's failure to explain how the purported amount of debt was calculated; and (3) the amount of debt provided in the May 1 Letter was contradicted by the amounts listed in the May 3 Letter. Green Tree now moves to dismiss Plaintiff's claims.

## DISCUSSION

### I.   Standard of Review

In reviewing a motion to dismiss on the pleadings, the court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 233 (3rd Cir. 2008) (citation and quotations omitted). As such, a motion to dismiss for failure to state a claim upon which relief can be granted does not attack the merits of the action but merely tests the legal sufficiency of the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3rd Cir. 2009) (internal quotations omitted); *see also* Fed.R.Civ.P. 8(a)(2) ("[a] pleading that states a claim for relief … must contain a short and plain statement of the claim showing the pleader is entitled to relief"). In other words, to survive a Fed R. Civ P. 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain

4

sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

However, "the tenet that a court must accept as true all the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Plaintiff need not meet any particular "probability requirement" but must show that there is "more than a sheer possibility that the defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).  Moreover, "context matters in notice pleading" and a complaint will fail to state a claim if the "factual detail in the claim is so underdeveloped that it does not provide a defendant with the type of notice of a claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232.

When presented with a motion to dismiss, the court should engage in a two-part analysis. *Fowler*, 578 F.3d at 210.  First, the court must separate the factual and legal elements of each claim. *Id.*  It must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 667, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).  Second, the court must determine whether the facts alleged are "sufficient to show that the plaintiff has 'a plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).  The plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  In other words, for the plaintiff to prevail, the "complaint must do more than allege the plaintiff's entitlement to relief;" it must "'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips*, 515 F.3d at 234-35); *see Covington v. International Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3rd Cir. 2013) ("[A] claimant does not have to 'set out in detail the facts upon which he bases his claim.' … The pleading standard 'is not akin to a 'probability

5

requirement,'' … to survive a motion to dismiss, a complaint merely has to state a 'plausible claim for relief.'" (citations omitted)).

## II.    FDCPA Statutory Overview

The Fair Debt Collection Practices Act "is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices." *Marx v. Gen. Revenue Corp.*, — U.S. —, —,  133 S.Ct. 1166, 1171 n.1 (2013) (citing 15 U.S.C. § 1692).  By its terms, the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors" while insuring that "debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692.  Relevant to the present matter, the Act requires that within five days of the initial communication with a consumer in connection with the collection of a debt, debt collectors must provide the consumer with written notice containing certain information regarding the debt.  15 U.S.C. § 1692g.  Additionally, the Act prohibits the use of any "false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

The statute creates a private right of action against debt collectors who fail to comply with its provisions.  15 U.S.C. § 1692k; *Marx*, 133 S.Ct. at 1171 n. 1; *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3rd Cir. 2006).  To state a claim under the FDCPA, a plaintiff must establish that "(1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." *Grant v. JP Morgan Chase Bank*, No. 12-CV-06248, 2013 WL 1558773, at *2 (D.N.J. Apr. 10, 2013) (quoting *Berk v. J.P.Morgan Chase Bank*, *N.A.*, No. 11-CV-2715, 2011 WL 4467746, at *3 (E.D. Pa. Sept. 26, 2011) (citing 15 U.S.C. §§ 1692a-o)).

Additionally, "[a] threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt'." *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3rd Cir. 1987).

Because the FDCPA is a remedial statute, the Third Circuit has construed its language broadly so as to give effect to its purpose. *Brown*, 464 F.3d at 453. Accordingly, courts analyze "any lender-debtor communications potentially giving rise to claims under the FDCPA" from the perspective of an objective "least sophisticated debtor." *Id.* at 454. The Third Circuit has expounded that the least sophisticated debtor standard "is lower than the standard of a reasonable debtor" such that "a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3rd Cir. 2008) (internal quotations and citations omitted). Applying this standard gives effect to "the basic purpose of the FDCPA: . . . to protect all consumers, the gullible as well as the shrewd, the trusting as well as the suspicious, from abusive debt collection practices." *Brown*, 464 F.3d at 454 (internal quotations and citations omitted). Nevertheless, "the standard does not go so far as to provide solace to the willfully blind or non-observant." *Caprio v. Healthcare Revenue Recovery Grp.*, 709 F.3d 142, 149 (3rd Cir. 2013) (quoting *Campuzano-Burgos v. Midland Mgmt. Inc.*, 550 F.3d 294, 299 (3rd Cir. 2008)). In other words, although the least sophisticated debtor standard is "less demanding than one that inquires whether a particular communication subject to the FDCPA would mislead or deceive a reasonable debtor," the least sophisticated debtor "is still held to a quotient of reasonableness, a basic level of understanding, and a willingness to read with care." *Id.* at 149 (internal citations and quotations omitted). Accordingly, the debt collector "cannot be held liable for bizarre or idiosyncratic interpretations." *Id.* (citing *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3rd Cir. 2000)). Indeed, the least sophisticated debtor is expected to read

any collection notice in its entirety. *Id.* (citing *Lesher v. Law Offices of Mitchell N. Kay*, 650 F.3d 993, 997 (3rd Cir. 2011)).

Furthermore, the Third Circuit's FDCPA jurisprudence dictates that because the "least sophisticated debtor" is an objective standard, the determination of how debt collection communications would be perceived by the "least sophisticated debtor" is a matter of law, which can be decided on a motion to dismiss. *See Wilson*, 225 F.3d at 353 n.2; *Caprio*, 709 F.3d at 147; *see also Bodine v. First Nat'l Collection Bureau, Inc.*, No. 10-CV-2472, 2010 WL 5149847, at *2 (D.N.J. Dec. 13, 2010) (citing *Wilson*, 225 F.3d at 353 n.2) ("The question of whether a collection letter or notice violates the provisions of the FDCPA is a question of law to be determined by the Court.").

### III.  Debt Collection Activities

Defendant first contends that Plaintiff's claims, with regard to the May 1 Letter, fail as a matter of law because the alleged violations of the FDCPA do not arise out of communications related to the collection of a debt. Specifically, Defendant argues that the May 1 Letter falls outside the purview of the FDCPA as it was merely an informational "Welcome Letter" with the purpose of informing Plaintiff of the loan servicing transfer rather than an attempt to collect payment under the loan. Defendant emphasizes that the Letter does not demand payment, threaten foreclosure proceedings, or even warn that the loan is delinquent. Plaintiff counters that the May 1 Letter was clearly sent in connection with an attempt to collect a debt, maintaining that it (1) includes the FDCPA required validation notice which states "as of April 30, 2013, *you owe* $307,606.12"; (2) informs plaintiff of her right to dispute the validity of the debt; and (3) includes the FDCPA required disclaimer which states, "This communication is from a debt collector. It is an attempt to collect a debt…" Pl. Mem at 6.

The Fair Debt Collection Practices Act provides, "to be liable under the statute's substantive provisions, a debt collector's targeted conduct must have been taken 'in connection with the collection of a debt'…or in order 'to collect any debt.'" *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 265 (3rd Cir. 2013) (quoting *Glazer v. Chase Home Fin., LLC*, 704 F.3d 453, 459-60 (6th Cir. 2013)). While the FDCPA does not define the term "debt collection," the Third Circuit has consistently held that "a communication need not contain an explicit demand for payment to constitute a debt collection activity." *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, --- F.3d ---, ---, 2014 WL 2883891, at *3 (3rd Cir. 2014) (citing *Simon*, 732 F.3d at 266); *see Allen ex rel. Martin v. LaSalle Bank N.A.*, 629 F.3d 364, 368 n.5 (3rd Cir. 2011) ("A communication…is 'the conveying of information regarding a debt' and is not limited to specific requests for payment.").

During the pendency of this motion, the Third Circuit, in *McLaughlin*, elaborated on this proposition, explaining that "[t]he statute's substantive provisions…make clear that it covers conduct 'taken in connection with the collection of any debt.'" *Id.* at *3 (quoting *Simon*, 732 F.3d at 265). "Put differently, activity undertaken for the *general purpose of inducing payment* constitutes debt collection activity." *Id.* (emphasis added) (citing *Simon*, 732 F.3d at 265; *Gburek v. Litton Loan Servc'g LP*, 614 F.3d 380, 385 (7th Cir. 2010) (describing "the commonsense inquiry of whether a communication from a debt collector is made in connection with the collection of any debt")).

In *McLaughlin*, the plaintiff defaulted on his mortgage, and consequently, the mortgage company referred the matter to a law firm for purposes of debt collection. *Id.* at *1. The law firm subsequently sent the plaintiff a letter which stated, "[t]he amount of the debt as of 5/18/2010" was $365,488.40." *Id.* Based upon the letter, the plaintiff brought a lawsuit against the law firm alleging multiple violations of the FDCPA, which the law firm subsequently moved to dismiss. In

9

support of its motion, the law firm contended that the plaintiff's claims failed as a matter of law because the letter did not constitute "debt collection activity" subject to the FDCPA because it "made no demand for payment, contained no suggestion that [the plaintiff] settle the underlying debt, nor enter into a payment plan." *Id.* at *2. On appeal, the Third Circuit rejected the law firm's arguments, finding that the letter plainly constituted "part of a dialogue" intended to "facilitate satisfaction of the debt." *Id.* at *3. In that regard, the court noted that the letter indicated that the law firm "is a debt collector attempting to collect a debt" and that the information that the debt collector obtained "may be used" to collect a debt. *Id.* The court concluded that "[i]t is reasonable to infer that an entity that identifies itself as a debt collector, lays out the amount of the debt, and explains how to obtain current payoff quotes has engaged in a communication related to collecting a debt." *Id.*

Here, guided by *McLaughlin*, the Court finds that the May 1 Letter is subject to the FDCPA. Green Tree, in support of its argument to the contrary, cites to case law that is not binding on this Court, and that is distinguishable from the present matter. In particular, Defendant relies heavily on *Thompson v. BAC Home Loans Servicing, L.P.*, No. 09-CV-311, 2010 WL 1286747 (N.D. Ind. Mar. 26, 2010), which utilized reasoning that plainly contradicts *McLaughlin*. In *Thompson*, the court found that a "notice of transfer" was not sent in connection with the collection of a debt, largely because it did not "demand any payment." *Thompson*, 2010 WL 1286747 at *5. However, as previously discussed, the Third Circuit has adopted a broader reading of the phrase "in connection with," and has rejected the proposition that the FDCPA applies only to communications that make explicit demands for payment.[1]

---

[1] Green Tree also cites to *Oppong v. First Union Mort. Corp.*, 566 F.Supp.2d 395 (E.D. Pa. 2008), in which the court there held that the FDCPA did not apply to a "notice of transfer letter." *Oppong*, 566 F.Supp.2d at 403-04. However, in *Oppong*, the court entered judgment pursuant to

Like in *McLaughlin*, the May 1 Letter provides the amount of debt, explains that the amount necessary to satisfy the debt may increase due to interest and penalties, and specifies how to obtain payoff quotes. Furthermore, as in *McLaughlin*, Green Tree identifies itself as "a debt collector," and states that the Letter "is an attempt to collect a debt." Finally, the May 1 Letter instructs Plaintiff to send all future payments to Green Tree "[t]o ensure timely posting of [her] payments." Under these circumstances, it is reasonable to find that the May 1 Letter represents a communication related to the collection of a debt, and thus, the Letter constitutes debt collection activity under the FDPCA.

The Court's next inquiry is whether Plaintiff's Complaint provides a sufficient basis to establish that Green Tree violated provisions of the FDCPA.

## IV.     15 U.S.C. § 1692g

Count II of Plaintiff's Complaint alleges generally that Defendant violated § 1692g because the May 1 Letter represented the initial communication concerning the debt, and Defendant failed to provide adequate written notice of the amount of debt within five days thereof. As stated before, in support of her claim, Plaintiff raises three theories regarding Green Tree's liability. First, Plaintiff contends that Green Tree violated § 1692g based on the May 1 Letter's failure to state the amount of debt as of the date of the letter. Second, Plaintiff asserts that the May 1 Letter did not provide adequate notice of the amount of debt because it fails to set forth how the amount is calculated. Finally, Plaintiff contends that even if the May 1 Letter provided satisfactory notice of the amount of debt, it is contradicted by the amounts listed in the May 3 Letter, which would

---

Fed.R.Civ.P. 52(a), and it was an uncontested fact that the defendant had not undertaken debt collection action. *Id.* Furthermore, the primary legal issue was whether a notice of transfer letter constituted an "initial communication," when the plaintiff had previously been served with a foreclosure complaint. *Id.* at 400-03. Those facts are not present in this case, and therefore, *Oppong* is inapposite.

11

confuse the "least sophisticated debtor."  In response, Green Tree argues that Plaintiff fails to state a legally sufficient claim pursuant to § 1692g because (1) § 1692g does not require debt collectors to disclose the debt amount as of the date of the letter; (2) the May 1 Letter accurately states the amount of debt, and it would be understood by the "least sophisticated debtor"; and (3) the May 1 and May 3 Letters are not inconsistent.  I find that the May 1 Letter fails to effectively convey the "amount of debt" in compliance with the statute, and as such, Plaintiff has stated a claim pursuant to § 1692g, and Defendant's Motion to dismiss Count II is denied.

Section 1692g mandates that debt collectors must provide to consumers a written notice of (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; and (3) a statement notifying the consumer that he or she has the right to dispute the validity of the debt within thirty days.[2]  15 U.S.C. § 1692g(a).  The language in a communication providing this required information is known as the validation notice.  *Wilson*, 225 F.3d at 353-54.  The purpose of the validation notice is to inform debtors of their rights and obligations to their creditors.  *See Id.* at 354.

---

[2] In its entirety, 15 U.S.C. § 1692g(a) requires that within five days of the initial communication with a consumer in connection with the collection of any debt, or within the initial communication, a debt collector must send the consumer a written notice containing:
>  (1) the amount of the debt;
>  (2) the name of the creditor to whom the debt is owed;
>  (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>  (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>  (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

12

A debt collector violates the FDCPA unless it conveys the statutorily required information in the validation notice. "[I]n order to comply with the requirements of § 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter – the required notice must also be conveyed effectively to the debtor." *Id.* (citations omitted). The Third Circuit has repeatedly explained that "a collection letter will not meet the requirements of the Act where…the validation notice is overshadowed or contradicted by accompanying messages or notices from the debt collector." *Id.* (citations omitted); *Caprio*, 709 F.3d at 149 (citations omitted); *Rosenau*, 539 F.3d at 222 (citations omitted). A validation notice "is overshadowed or contradictory if it would make the least sophisticated [debtor] uncertain as to her rights." *Wilson*, 225 F.3d at 354 (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2nd Cir. 1996)). Moreover, a collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* (quoting *Russell*, 74 F.3d at 35).

**A. A debt collector does not violate § 1692g solely because the validation notice provides the amount of the debt as of one day prior to the date of a collection letter**

In support of her first argument that § 1692g requires that validation notices provide the amount of debt as of the date of the letter, Plaintiff cites to *Hecht v. Green Tree Servicing, LLC*, No. 12-CV-498, 2013 WL 164514 (D. Conn., Jan. 15, 2013), in which the court there held that a debt collector violated § 1692g by sending a March 22, 2012 letter with the inclusion of the amount of debt as of January 20, 2012. *Id.* at *3-4. However, the holding in *Hecht* does not support the proposition that failure to provide the amount of debt as of the date of a debt collection letter constitutes a *per se* violation of § 1692g. Rather, the debt collection letter in *Hecht* violated § 1692g because the court concluded that the language in the validation notice "would be unlikely to give a consumer certainty" as to the amount necessary to satisfy her debt. *See Id.* at *4. In other words, it failed to effectively convey the statutory debt validation notice to the consumer. *See*

13

*Wilson*, 225 F.3d at 354 ("in order to comply with the requirements of § 1692g…the required notice must [] be conveyed effectively to the debtor").

Furthermore, *Hecht* is factually distinct from the present matter. The debt collection letter in *Hecht* was dated March 22, 2012, and listed the amount of debt as of January 20, 2012—more than two months prior to the date of the letter, whereas here, the debt collection letter provides the amount of debt as of one day prior to the date of the letter. This Court is not persuaded that providing the amount of debt as of one day prior to the date of the debt collection letter is deceptive, nor that it constitutes a failure to provide adequate notice of the amount of debt. *See Jolly v. Shapiro*, 237 F.Supp.2d 888, 893 (N.D. Il. 2002) (finding no violation of § 1692g where validation notice listed the amount of debt as of eleven days prior to the date of the letter); *Kelly v. Nationstar Mortg., LLC*, No. 13-CV-00311, 2013 WL 5874704, at *6 (E.D. Va. Oct. 31, 2013) (finding no violation of § 1692g where validation notice listed the amount of debt as of fifteen days prior to the date of the letter). Accordingly, this theory of liability upon which Plaintiff's § 1692g claim is based is rejected by this Court.

### B. The May 1 Letter does not effectively provide notice of the amount of debt

Plaintiff next contends that the May 1 Letter fails to adequately convey the "amount of debt" because the least sophisticated debtor would be uncertain of the amount necessary to satisfy the debt. Specifically, Plaintiff submits that the May 1 Letter is "deceptive," arguing that the validation notice states "YOU OWE $307,606.12" without providing further information as to how that amount was calculated. Alternatively, Plaintiff argues that the least sophisticated debtor would be confused by reading the May 1 Letter in conjunction with the May 3 Letter, because while the May 3 Letter states that the "principal balance" is $210,905.11, and the "total due" is $2,124.03, it makes no reference to an amount remotely close to $307,606.12. In response, Green

14

Tree posits that Plaintiff has failed to plead a violation of § 1692g because the May 1 Letter accurately states the amount of debt. In that connection, Green Tree insists that its correspondence with the Plaintiff is not confusing or deceptive because (1) the May 1 and May 3 Letters do not contain contradictory information; and (2) the least sophisticated debtor would understand that the amount of debt exceeds the principal balance when the loan is delinquent. In light of the case law, as explained below, Defendant's arguments fail.

As previously discussed, "in order to comply with the requirements of § 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter – the required notice must also be conveyed effectively to the debtor." *Wilson*, 225 F.3d at 354. A debt validation notice will not satisfy the requirements of § 1692g if it would make the least sophisticated debtor uncertain as to her rights and obligations. *See Id.* The Third Circuit has not had an occasion to apply these principles in connection with the "amount of debt" provision of § 1692g; however, this Court has found analogous case law from the Seventh Circuit, which I find persuasive because of the similarities between that case and the present one.[3]

In *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004), the plaintiff breached a contractual agreement with a creditor to pay $122.06, and the creditor subsequently hired a law firm to collect the debt. *Fields*, 383 F.3d at 563. The law firm sent to the plaintiff a collection letter listing the "account balance" as $388.54, an amount that reflected the original $122.06, plus interest and service charges, plus $250 in attorneys' fees, albeit those calculations were not included in the letter. *Id.* at 563-64. Although the interest and attorneys' fees were assessed pursuant to the original credit agreement, the court held that the law firm violated the FDCPA by

---

[3] Additionally, the Third Circuit often looks to Seventh Circuit case law in the context of the FDCPA. *See, e.g., McLaughlin*, 2014 WL 2883891 at *3; *Simon*, 732 F.3d at 266; *Pollice v. Nat'l Tax Funding*, 225 F.3d 379, 403-05 (3rd Cir. 2000).

15

failing to provide information as to how the total amount of debt was determined. *Id.* at 565-66. The court explained, "[a]n unsophisticated consumer could reasonably wonder why her bill was now $388.54," noting that the law firm listed an account balance that was more than double the original obligation. *Id.* Furthermore, the court indicated that such practices might inhibit the debtor's ability to exercise her right to dispute the validity of the debt, as an unsophisticated consumer may have "forgotten the amount of the debt completely" or "might logically assume she simply incurred nearly $400 in charges." *Id.* at 566. In sum, the court concluded that such practices unfairly "hide the true character of the debt," and therefore, fail to "clearly and fairly communicate information about the amount of the debt to debtors." *Id.*[4]

*Fields* is analogous, and more importantly, the Seventh Circuit's reasoning is consistent with Third Circuit precedent requiring that debt collectors effectively convey notice of the amount of debt. Like the letter in *Fields*, the May 1 Letter states, "as of April 30, 2010, you owe $307,606.12," but provides no further information regarding how the amount of debt was calculated. Assuming the principle balance with the original creditor was $210,905.11, as indicated in the May 3 Letter, the least sophisticated debtor could reasonably question how she owes nearly $100,000 more than the underlying balance, even if the amount owed was accurately provided. Because the purpose of the validation notice provision is to guarantee that consumers receive adequate notice of their statutory rights under the law, *Wilson*, 225 F.3d at 354, and because

---

[4] While the holding in *Fields* addressed an alleged violation of § 1692e, the court's reasoning is similarly applicable regarding an alleged violation of § 1692g. Notably, the court there explains that where the least sophisticated debtor could reasonably be confused as to the amount of the debt, her ability to assess the validity of the debt may be impaired. *Fields*, 383 F.3d at 566. Because Third Circuit jurisprudence regarding § 1692g is largely concerned with consumers being adequately apprised of their statutory rights, the Seventh Circuit's reasoning in *Fields* is equally applicable to analyses of violations under § 1692g.

16

debt collectors are required to not only convey the required information but to do so effectively, I find that, as alleged, the May 1 Letter fails to satisfy the "amount of debt" provision of § 1692g. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000) (holding that a debt collection letter violates § 1692g by providing incomplete information regarding the amount of the debt, even if it provides an 800 number that the debtor can call for more information); *Dougherty v. Wells Fargo Home Loans, Inc.*, 425 F.Supp.2d 599, 607-08 (E.D. Pa. 2006) (holding that a payoff statement sent by debt collector, providing the amount necessary to satisfy past-due mortgage obligations, violated §1692e where it included attorneys' fees, which were not clearly itemized); *see also Fields*, 383 F.3d at 565-66 ("One simple way to comply with §§ 1692e and 1692f in this regard would be to itemize the various charges that comprise the total amount of the debt").

Furthermore, even assuming *arguendo* that the May 1 Letter effectively conveyed the amount of debt, Plaintiff still states a legally sufficient claim pursuant to § 1692g, because allegedly the May 3 Letter contained contradictory information which would confuse the least sophisticated debtor as to the amount of the debt.  Green Tree argues that the Letters are not contradictory because the May 1 Letter contains the amount of debt, while the May 3 Letter contains the principal balance and the amount of the monthly mortgage payment.  However, even accepting Defendant's argument that the least sophisticated debtor understands that "the amount owed, principal balance and monthly mortgage payment represent different sums," this argument is misplaced.

According to Plaintiff, the May 1 Letter states "YOU OWE $307,606.12" without explaining how that amount was determined, while the May 3 Letter makes no reference to this amount.  Instead the May 3 Letter includes a detachable "initial payment coupon" which states

17

"TOTAL DUE $2,124.03," and also states "Principal Balance: $210,901.11." Accordingly, by providing this information in separate letters, the least sophisticated debtor could reasonably be confused as to whether the "amount of debt" is $307,606.12" or "$210,905.11." Indeed, in *Castro v. Green Tree Servicing LLC*, 959 F.Supp.2d 698 (S.D.N.Y. 2013), the court held that Green Tree, also the defendant in this case, failed to satisfy the requirements of § 1692g, where its initial letter to a debtor contained a notice – similar to the validation notice here – providing the overall balance with the creditor, but the past due amount was provided in a subsequent letter. *Id.* at 709-10 (finding that debt collector violated § 1692g by providing total underlying debt in initial communication, but referring to different amount in subsequent debt collection letter). Because the May 1 Letter used the language "you owe $307,606.12" and the May 3 Letter used the language "total due $2,124.03," the least sophisticated debtor also could reasonably be confused as to whether either or both amounts were due immediately. *See, e.g., Graziano v. Harrison*, 950 F.2d 107, 111 (3rd Cir. 1991) (finding that debt collector failed to satisfy debt validation requirement where debt collection letter provided notice that debtor had 30 days to dispute validity of debt, but also contained contradictory information stating that legal action would be initiated unless debt was resolved in 10 days).

For the forgoing reasons, the Court finds that Plaintiff has stated a legally sufficient claim pursuant to §1692g, and accordingly, denies Defendant's motion to dismiss Count II of Plaintiff's Complaint.

**V.     15 U.S.C. § 1692e**

Count I of Plaintiff's Complaint avers that Green Tree's debt collection activities also violate § 1692e, which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and provides a non-

exhaustive list of example violations.  15 U.S.C. § 1692e.  Specifically, Plaintiff alleges that Green Tree violated § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt…"; and § 1692e(2)(A), which prohibits debt collectors from falsely representing "the character, amount, or legal status of any debt."  As previously discussed, "[a]ny lender-debtor communications potentially giving rise to claims under the FDCPA…should be evaluated from the perspective of the least sophisticated debtor." *Brown*, 464 F.3d at 453.  For the reasons set forth above regarding Green Tree's violation of § 1692g, this Court also finds that Plaintiff has stated a claim pursuant to § 1692e, and denies Defendant's Motion to dismiss Count I.

The scope of § 1692e(10) is particularly broad and encompasses virtually every FDCPA violation, including those not covered by the other subsections.  *Reed v. Pinnacle Credit Servs., LLC*, No. 09-CV-544, 2009 WL 2461852, at *4 (E.D. Pa. Aug. 11, 2009) (citing *Fed. Fair Lending & Cred. Prac. Man.* § 14.09); *Kinel v. Sheran Acquisition II*, No. 05-CV-3456, 2007 WL 2049566, at *2 (S.D.N.Y. Jul. 13, 2007) (citing F.T.C. Staff Commentary on the FDCPA, 53 Fed.Reg. 50,097,50,105 (Dec. 13, 1988)).  Indeed, while the Third Circuit has described § 1692e(10) as a "catchall-type provision," *Rosenau*, 539 F.3d at 224, § 1692g is a far more specific provision. *Hernandez v. Mercantile Adjustment Bureau, LLC*, No. 13-CV-843, 2013 WL 6178594, at *3 (D.N.J. Nov. 22, 2013).  Hence, "[w]hen allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive." *Caprio*, 709 F.3d at 155 (internal quotations and citations omitted) ("Because we have concluded that the District Court committed reversible error by granting judgment on the pleadings as to the § 1692g claim, we must reach the same conclusion with respect to the claim brought under § 1692e(10)"); *see Morse v. Kaplan*, 468 Fed.Appx. 171, 172-73 (3rd

Cir. 2012) (wholly resting its holding that defendant did not violate § 1692e(10) on its findings that defendant did not violate § 1692g); *Bicking v. Law Offices of Rubenstein and Cogan*, 783 F.Supp.2d 841, 845 (E.D. Va. 2011) (concluding that because defendant failed to satisfy § 1692g(a)(4) and (5) requirements, the alleged violations of § 1692g also state a claim under § 1692e(10)).

Here, Plaintiff's claims pursuant to §§ 1692g & e are based upon the same facts and theories. Since this Court has found that Green Tree failed to satisfy the § 1692g requirements, the May 1 Letter, as alleged, also would be considered "deceptive" in violation of § 1692e(10). *See Wilson*, 225 F.3d at 354. Therefore, Plaintiff has also stated a claim under § 1692e.

## CONCLUSION

For the foregoing reason, this Court finds that Plaintiff has stated a claim under §§ 1692e & g, and therefore, Defendant's Motion to Dismiss is denied.


Dated : July 24, 2014            /s/ Freda L. Wolfson
                                                          Hon. Freda L. Wolfson
                                                          United States District Judge